Prepared by:
DAVID A. NICOLETTE, ESQ. (2087)

NICOLETTE & PERKINS, P.A.
3 University Plaza
Suite 503
Hackensack, New Jersey 07601
(201) 488-9080
Attorneys for Plaintiff, Eric R. Perkins, Chapter 7 Trustee

| | |
|---|---|
| -------------------------------X | UNITED STATES BANKRUPTCY COURT |
| In re:                         : | DISTRICT OF NEW JERSEY |
| ROBERT'S HOME DESIGNS,         : | Chapter 7 Proceeding |
|                                : | Case No. 07-10796 (MS) |
|            Debtor.             : | Hon. Morris Stern, U.S.B.J. |
| -------------------------------X | |
| ERIC R. PERKINS, Chapter 7     : | |
| Trustee of the Bankruptcy      : | Adv. Pro. No. |
| Estate of Debtor, Robert       : | |
| Home Designs' Inc.,            : | |
|                                : | |
|            Plaintiff,          : | |
|                                : | |
|     v.                         : | |
|                                : | |
| JACK CLUEN,                    : | |
|                                : | |
|            Defendant.          : | |
| -------------------------------X | |

## ADVERSARY COMPLAINT

Eric R. Perkins, the Chapter 7 Trustee in the above-captioned matter (hereinafter "Trustee"), through his attorneys, Nicolette & Perkins, P.A., by way of Complaint against Defendant, Jack Cluen (hereinafter "Defendant"), respectfully represents:

## JURISDICTION AND VENUE

1. This is a core proceeding instituted pursuant to 28 U.S.C. § 157 (b)(2)(A), (E), (F), and (H).

2. This action seeks to recover the proceeds of a certain pre-petition transfer issued by Debtor, Robert's Home Designs, Inc. (hereinafter "Debtor"), to the Defendant.

3. Venue is properly in the District of New Jersey pursuant to 28 U.S.C. § 1409(a).

4. Pursuant to 11 U.S.C. § 323, Trustee is the representative of Debtor's Estate and has the capacity to bring the within action.

5. Upon information and belief, Defendant is an individual residing at 344 Joralemon Street, Second Floor, Belleville, New Jersey 07109.

## INTRODUCTION

6. At all times hereinafter mentioned, Debtor was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

7. On or about October 24, 2006, the Debtor issued a check numbered 14832 in the amount of $4,260.35 to the Defendant.

8. Said check was negotiated on or about October 25, 2006 by the Defendant (hereinafter the "First Transfer"). A copy of said check is annexed hereto as Exhibit "A."

9. On or about October 23, 2006, the Debtor issued a check numbered 14820 in the amount of $4,814.50 to the Defendant.

10. Said check was negotiated on or about October 27, 2006 by the Defendant (hereinafter the "Second Transfer"). A copy of said check is also annexed hereto as Exhibit "A."

11. The First and Second Transfers, collectively, the "Transfers") total $9,907.85.

12. On January 19, 2007 (hereinafter "Petition Date"), the Debtor filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code (hereinafter "Code").

13  On January 22, 2007, the Trustee was duly appointed.

14. On March 11, 2008, the Trustee issued a demand for the repayment of $9,097.85 to the Defendant. A copy of said demand is annexed hereto as Exhibit "B."

15. Despite due demand, no payment has been made to the Trustee.

## FIRST COUNT - PREFERENCES

9. The Transfers were to or for the benefit of the Defendant.

10. Such transfers were for or on account of an antecedent debt owed by the Debtor to the Defendant before such Transfers were made.

11. The Debtor was insolvent at the time of the Transfers.

12. The Transfers were made within ninety (90) days of the Petition Date.

13. Such Transfers enabled the Defendant to obtain more than it would receive from the Debtor's estate if the case were a case under Chapter 7 of the Code, had the Transfers not been made and the Defendant received payment of its debts in accordance with the Code.

14. Pursuant to Code Sections 545 and 550, the Trustee may avoid and recover the Transfers.

**WHEREFORE,** the Trustee demands judgment in his favor and against the Defendant as follows:

    a.    Avoiding the Transfers;

    b.    For damages in an amount equal to the value of the Transfers, together with interest and costs of suit;

    c.    Ordering the Defendant to turn over to the Trustee within ten (10) days of judgment an amount equal to the value of each of the Transfers; and

    d.    Granting such other relief as this Court deems equitable and just.

### SECOND COUNT - VOIDABLE TRANSFERS

15. The Trustee repeats all allegations previously set forth herein.

16. The Transfers were a payment by the Debtor to the Defendant for services rendered and/or goods delivered pre-petition.

-4-

17. Upon information and belief, the Defendant was the initial transferee of the Transfers, the entities for whose benefit the Transfers were made, and/or were the beneficial transferee thereof.

18. Pursuant to Code Section 550, the Trustee is entitled to recover the Transfers, together with pre and post-judgment interest thereon at the maximum legal rate from the date that the Transfers were made to the Defendant.

**WHEREFORE,** the Trustee demands judgment in his favor and against the Defendant as follows:

    a. Avoiding the Transfers;

    b. For damages in an amount equal to the value of the Transfers, together with interest and costs of suit;

    c. Ordering the Defendant to turn over to the Trustee within ten (10) days of judgment an amount equal to the value of the Transfers; and

    d. Granting such other relief as this Court deems equitable and just.

### THIRD COUNT - 502(d) Claim

19. The Trustee repeats all allegations previously set forth herein.

20. The Trustee demanded repayment of the Transfers prior to filing this Complaint.

21. The Defendant has failed and refused to turn over to the Trustee the value of the Transfers or to otherwise repay the Transfers.

22. Pursuant to Code Section 502(d), the Trustee is entitled to an Order waiving, discharging and barring any claims that the Defendant may hold against the within Estate.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant, as follows:

>   a. For an Order waiving, discharging and barring any claims which the Defendant may hold against the Debtor's Estate; and
>
>   b. Granting such other relief as this Court deems equitable and just.

>                                   NICOLETTE & PERKINS, P.A.
>                                   Attorneys for Plaintiff,
>                                   Eric R. Perkins, Chapter 7
>                                   Trustee
>
>
>                             By:   /s/David A. Nicolette
>                                   DAVID A. NICOLETTE

Dated: May 12, 2008